# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2021

Lyle W. Cayce
Clerk

No. 20-10693
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL LAWRENCE WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-30-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Michael Lawrence Williams appeals the district court's denial of his motion for a reduction in sentence under Section 404 of the First Step Act of 2018. The district court concluded that Williams was eligible for a reduction but exercised its discretion and denied the motion.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10693

Williams asserts that the district court committed a procedural error by failing to explain adequately its decision to deny his motion. He contends that the district court's brief explanation in a form order did not address his arguments for a reduction in sentence or provide a record to which we could apply meaningful appellate review. However, as Williams acknowledges, his claim is foreclosed by our caselaw. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020).

Further, Williams argues that the denial of his motion resulted in the imposition of a substantively unreasonable sentence. He maintains that his continued incarceration is longer than necessary to comply with the relevant sentencing objectives and does not account for the need to avoid unwarranted sentencing disparities among similarly situated defendants. The substantive reasonableness standard does not apply to motions under Section 404 of the First Step Act. *See id.* at 479-80. Therefore, as Williams acknowledges, his claim is foreclosed. *See id.* at 479-80.

The Government has filed an unopposed motion for summary affirmance and, alternatively, requests an extension of time to file its brief. Because Williams concedes that the issues asserted on appeal are foreclosed, summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Thus, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as moot, and the judgment of the district court is AFFIRMED.